IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| XIAO CHEN LIN, ) | |
|    ID # 08242-043, ) | |
|       Movant, ) | |
| ) | No. 3:19-CV-263-M-BH |
| vs. ) | No. 3:16-CR-270-M(1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion for Relief from Judgment Under Rule 60(b)*, received on April 13, 2021 (doc. 47). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.      BACKGROUND**

Xiao Chen Lin (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on February 1, 2019. (*See* doc. 2.) On March 4, 2021, it was recommended that the motion be denied with prejudice. (*See* doc. 39.) The recommendation was accepted, the § 2255 motion was denied with prejudice, and judgment was entered on March 23, 2021. (*See* docs. 40, 41.) Movant sent correspondence dated March 22, 2021, but received on March 30, 2021, in which he objected to the findings regarding the calculation of his base offense level and criminal history score as incorrect and unconstitutional under Supreme Court case law. (*See* doc. 42 at 1-4.) On April 2, 2021, it was recommended that the correspondence be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 59(e) and denied. (*See* doc. 45.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

On April 13, 2021, Movant's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) was received. (*See* doc. 47.) It contends that he was prejudiced because he did not receive the recommendation for denial of his § 2255 motion until March 22, 2021, resulting in the acceptance of the recommendation and entry of final judgment before his objections could be considered. (*See id.* at 2.) It also challenges the recommendation's findings regarding the calculation of his base offense level and criminal history score. (*See id.* at 3-6.) He requests that the judgment denying his § 2255 motion be vacated. (*See id.* at 7.)

## II.   NATURE OF FILING

Although Movant expressly seeks relief from judgment under Rule 60(b), "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Until recently, the Fifth Circuit applied *Gonzalez* to motions under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020). As it noted, however, the Supreme Court recently held that Rule 59(e) motions do not constitute successive habeas petitions, and *Gonzalez* does not apply to them. *Id.* (citing *Banister v. Davis,* __ U.S. __, 140 S.Ct. 1698, 1705-11 (2020)).

Because the motion was filed within 28 days of the entry of judgment, it is properly construed as a motion to alter or amend the judgment under Rule 59(e). *See id.* (holding that prisoner's titled Rule 60(b) post-judgment motion should have been construed as a Rule 59(e) motion because it was filed within 28 days of entry of judgment); *Banister*, 140 S.Ct. at 1708 ("Rule 59(e) motions are not second or successive petitions, but instead a part of a prisoner's first habeas proceeding.").

### III.    FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Movant reasserts the same bases for relief on his ineffective assistance of counsel claims relating to the calculation of his base offense level and criminal history score that he raised in his § 2255 motion, memorandum in support, and replies, as well as in his correspondence objecting to the recommendation of denial of his § 2255 motion. For the same reasons set forth in

the recommendation construing his March 22, 2021 correspondence as a motion under Rule 59(e),[2] Movant has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made. (*See* doc. 45.) Because he has not shown that disregarding his juvenile conviction will change his base offense level, or that there is a reasonable probability that his sentence would have been lower absent his counsel's alleged deficiencies, (*see id.* at 3), he has still not shown that he is entitled to relief under Rule 59(e).

## IV. RECOMMENDATION

The movant's *Motion for Relief from Judgment Under Rule 60(b)*, received on April 13, 2021 (doc. 47), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 28th day of April, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Movant's March 22, 2021 correspondence objecting to the recommendation of denial of his § 2255 motion was received seven days after the entry of judgment it was construed as a motion for relief from judgment under Rule 59(e). *See, e.g., Potter v. United States*, No. 3:17-CV-508-B, 2018 WL 7078173, at *1 (N.D. Tex. Dec. 27, 2018) (citing *Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment and citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)), *rec. adopted*, 2019 WL 266852 (N.D. Tex. Jan. 18, 2019).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE