IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| XIAO CHEN LIN, ) | |
|     ID # 08242-043, ) | |
|         Movant, ) | |
| ) | No. 3:19-CV-263-M-BH |
| vs. ) | No. 3:16-CR-270-M(1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petitioners* [sic] *motion for Relief from a judgment or order pursuant to the Federal Rules of Civil Procedure, Rule 60(b)(6)*, received on June 1, 2022 (doc. 65), should be construed as a successive motion to vacate under 28 U.S.C. § 2255, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. The *Motion to "Fast Track" motion and render an opinion in an expedited fashion*, received on June 1, 2022 (doc. 64), is **DEEMED MOOT.**

## I.    BACKGROUND

Xiao Chen Lin (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on February 1, 2019. (*See* doc. 2.)[2] On March 4, 2021, it was recommended that the motion be denied with prejudice. (*See* doc. 39.) The recommendation was accepted, the § 2255 motion was denied with prejudice, and judgment was entered on March 23, 2021. (*See* docs. 40-41.) In correspondence dated March 22, 2021, but received on March 30, 2021, Movant objected to the findings regarding the calculation of his base offense level and criminal history score as

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this habeas action, No. 3:19-CV-263-M(1).

incorrect and unconstitutional under Supreme Court case law. (*See* doc. 42.) On April 2, 2021, it was recommended that the correspondence be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 59(e) and denied. (*See* doc. 45.) The recommendation was accepted, and the motion was denied on May 10, 2021. (*See* doc. 53.)

On April 13, 2021, Movant's motion for relief from judgment under Rule 60(b) was received. (*See* doc. 47.) It challenged the findings in the March 4, 2021 recommendation regarding the calculation of his base offense level and criminal history score, and argued that he was prejudiced because he did not receive the recommendation until March 21, 2021. Because the motion was filed within 28 days of the entry of judgment, it was construed as a Rule 59(e) motion, and it was recommended that the motion be denied on April 28, 2021. (*See* doc. 50.) On June 1, 2021, the recommendation was accepted, and Movant's second Rule 59(e) motion was denied. (*See* doc. 54.) On February 23, 2022, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied him a certificate of appealability. (*See* doc. 63.)

Movant's current Rule 60(b)(6) motion, received on June 1, 2022, was filed in the underlying criminal action. (*See* No. 3:16-CR-270-M(1), doc. 80.) By electronic order dated June 3, 2022, it was docketed in this habeas action because it appeared to seek relief from the judgment denying his § 2255 motion. (*See id.*, doc. 82; *see also* No. 3:19-CV-263-M-BH, doc. 65.) Movant argues that his prior juvenile adjudication from New York should not have counted in calculating his criminal history category under the sentencing guidelines. (*See* doc. 65 at 7-16.)[3] He seeks immediate release from custody. (*See id.* at 17.)

## II. NATURE OF FILING

A motion for relief from judgment that seeks to advance one or more substantive habeas

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005);[4] *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment."); *see also Chase v. Epps*, 74 F. App'x. 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application.") (citations omitted).

Here, although Movant alleges that his current motion "does not attack the substance of the Federal Courts [sic] resolution of a claim on the merits, But rather some defect in the integrity of the Federal proceedings," the motion reasserts and supplements arguments raised in his § 2255 filings and Rule 59(e) motions challenging the calculation of his base offense level and criminal history category based on a state juvenile adjudication. (doc. 65 at 5.) He expressly contends that:

> In accordance with U.S.S.G. § 4A1.2(d) The petitioners [sic] adjudication in the state of New York is considered a juvenile offender and as a result, should not have been counted in calculating the petitioners [sic] criminal history category.

(*Id.* at 7.) He goes on to dispute the findings in the March 4, 2021 recommendation that his § 2255 motion be denied. (*See id.* at 7-9.) He also contends that because the New York conviction was a

---

[4] *Gonzalez* involved a petition filed by a state prisoner under 28 U.S.C. § 2254 and a motion for relief from that judgment. 545 U.S. at 524. The case equally applies to federal prisoners' § 2255 motions. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *see also Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010) (recognizing that nearly every circuit has applied the *Gonzalez* rationale to federal prisoners seeking relief from their judgment under § 2255).

3

juvenile adjudication, he would not have been convicted and sentenced as a felon in possession of a firearm in a prior 2006 federal case in Mississippi, which in turn means his sentence in this underlying criminal case would not have been enhanced for committing the offense while on supervised release in the Mississippi case, and he would not have been sentenced to a consecutive term of imprisonment for violating that same term of supervised release. (*See id.* at 13-15.) It is his "contention that he has served 73, months in prison, whereas, had the United States probation office actually conducted an 'accurate' review of the petitioners [sic] NY juvenile conviction, and correctly concluded that it could not count; absent the conferment spent in New York, the petitioner should have never been exposed to any terms of confinement whatsoever." (*Id.* at 15-16.)

Because Movant squarely attacks the resolution of his § 2255 motion on the merits and asserts new arguments for relief, and he is not merely challenging a failure to reach the merits or a defect in the integrity of the federal habeas proceedings, his Rule 60(b) motion qualifies as a successive habeas motion under *Gonzalez*. *See Gonzalez*, 545 U.S. at 532 ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*.") (emphasis in original)).

### III.   SUCCESSIVE § 2255 MOTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); 28 U.S.C. § 2255(h). A subsequent § 2255 motion to vacate is considered second or successive "when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)) (quotation marks omitted).

Movant previously filed a § 2255 motion challenging the calculation of his base offense level and criminal history score, which was decided on the merits. (*See* docs. 2, 39-41.) His current filing is properly construed as a successive § 2255 motion because it attacks the Court's resolution of his original § 2255 motion on the merits, and adds arguments that could have been raised in that original motion. *See Gonzalez*, 545 U.S. at 532. Courts distinguish between motions under Rule 60(b) and § 2255 to ensure that movants do not use Rule 60(b) motions to "make an end-run around AEDPA's exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018) (per curiam).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255(h)). The Fifth Circuit "may authorize the filing of a

5

second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive § 2255 motion that was not presented in a prior one, the motion must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(1), (2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction, and Movant's new § 2255 motion is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### IV.    RECOMMENDATION

The *Petitioners* [sic] *motion for Relief from a judgment or order pursuant to the Federal Rules of Civil Procedure, Rule 60(b)(6)*, received on June 1, 2022 (doc. 65), should be construed as a successive motion to vacate under 28 U.S.C. § 2255. The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case for administrative purposes only; (3) docket the post-judgment motion as a § 2255 motion filed June 1, 2022, in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action,

immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

The *Motion to "Fast Track" motion and render an opinion in an expedited fashion*, received on June 1, 2022 (doc. 64), is **DEEMED MOOT**

**SIGNED this 7th day of June, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE